# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHAMSIDDIN SALLAM, | CIVIL ACTION |
| Petitioner, | |
| v. | |
| ROBERT GILMORE, *et al.*, | NO. 18-448 |
| Respondent. | |

## MEMORANDUM OPINION

Petitioner Shamsiddin Sallam, an inmate currently incarcerated at State Correctional Institution Greene in Waynesburg, Pennsylvania, seeks leave to appeal the dismissal of his *pro se* petition for issuance of a writ of habeas corpus. For the following reasons, and subject to the timing requirements set forth below, his request will be granted.

This matter was dismissed via an Order entered March 23, 2020 (the "March 23 Order"). The Clerk of Court did not mail the March 23 Order to Sallam until September 14, 2020, 175 days after entry. Sallam did not receive the Order until September 18, 2020, 179 days after entry. By this date, his time for filing either a motion for reconsideration of the March 23 Order or a notice of appeal had long expired.

Sallam has since filed three documents with the Court: (1) on September 18, 2020, Sallam sent a letter notifying the Court that he received the March 23 Order, which letter was entered on the docket on September 29, 2020; (2) on October 29, 2020, he sent another letter requesting information on the status of his case, which was entered on the docket on November 16, 2020; and, (3) on March 1, 2020, he sent the Court a Motion labeled "Rule 60(b) Motion to Correct Defect in Integrity of Habeas Proceedings," which was entered on the docket on March 22, 2020. In his Rule 60(b) Motion, Sallam argues that the Clerk of Court's failure to timely mail him a copy of the March 23 Order constitutes a "defect in the integrity of [his] Habeas

proceedings," and requests that the Court permit him to file either a motion for reconsideration of the March 23 Order pursuant to Federal Rule of Civil Procedure 59(e) or a notice of appeal.

As to Sallam's first request, district courts do not have discretion to extend a party's time for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also Baker v. United States*, 670 F.3d 448, 460-61 (3d Cir. 2012) (delays attributable to the clerk's office cannot render an untimely motion for reconsideration timely). Because such motions must be filed no later than 28 days after an order is entered, *see* Fed. R. Civ. P. 59(e), Sallam's time for filing a Rule 59(e) motion has passed.

The only remaining question is whether Sallam may be granted leave to appeal the March 23 Order.[1] Pursuant to Federal Rule of Appellate Procedure 4(a), Sallam was required to file a notice of appeal within 30 days after the March 23 Order was entered. *See* Fed. R. App. P. 4(a)(1)(A). This time limit is "mandatory and jurisdictional," *Bowles v. Russell*, 551 U.S. 205, 209 (2007), and "applies with full force even where the would be appellant . . . is never notified that final judgment has issued," *Cumberland Mut. Fire Ins. Co. v. Express Prods., Inc.*, 529 F. App'x 245, 251-52 (3d Cir. 2013). Although Petitioner suggests that the Court may reinstate his appellate rights pursuant to Federal Rule of Civil Procedure 60(b), it cannot. *See id.* at 252 ("It is well-established that Rule 60 is not a proper vehicle for extending the time to file an appeal that

---

[1] The Court notes that it expressly declined to issue Sallam a certificate of appealability, finding that he neither made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of the Court's ruling. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner in custody pursuant to a state court judgment is required to obtain a certificate of appealability before his or her appeal can go forward. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Nevertheless, a timely appeal will be construed as a request that the judges of the court of appeals issue the certificate. *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it."); Fed. R. App. P. 22(b)(2) ("A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

has been rendered untimely by the expiration of the thirty-day time window provided by Rule 4(a)." (citing *West v. Keve*, 721 F.2d 91, 96 (3d Cir. 1983)). The Clerk of Court's delay in sending Sallam notice of the dismissal is unfortunate, but it does not on its own provide a basis for extending his time to appeal the March 23 Order. *See* Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by [Rule] (4)(a).").

That said, Rule 4(a) does provide certain narrow exceptions to the 30-day time limit. *See Cumberland*, 529 F. App'x at 252. If Sallam were to fall within one of these exceptions, he might be permitted to file an appeal. As relevant here, Rule 4(a)(6) allows a court to reopen a party's time to file an appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The first element is satisfied: Sallam has indicated that he did not receive notice of the March 23 Order until September 18, 2020, and the docket confirms that the Clerk of Court did not mail him a copy of the March 23 Order until September 14, 2020.[2] *See* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the

---

[2] Sallam also notes that Covid-19 mitigation measures at SCI Greene have resulted in extreme lockdowns, likely making it difficult for inmates like himself to keep tabs on the progress of their habeas cases.

3

entry, as provided in Rule 5(b), on each party who is not in default for failing to appear."). The Court thus finds that Sallam did not receive notice of the March 23 Order within 21 days after entry.

As to the third element, the Court finds that no party would be prejudiced by reopening Sallam's time to appeal. Prejudice "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal," and "might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Fed. R. App. P. 4 Advisory Committee Notes to 1991 Amendments. Respondents have not filed an opposition to Sallam's request for reinstatement of his appellate rights and, in any event, there is no indication that Respondents have taken any action in reliance on the expiration of Sallam's time to appeal.

The thornier issue is whether Sallam has satisfied the second element, requiring him to file a motion to reopen the time to file an appeal within 180 days of the March 23 Order.[3] This 180-day period expired on September 19, 2020. Sallam's Rule 60(b) Motion was filed in March 2021; thus, even if the Court were to liberally construe the Rule 60(b) Motion as a Motion to Reopen Time to Appeal, it would be untimely. *See* Fed. R. App. P. 4(a)(6)(B).

Sallam did, however, file one document within the 180-day period: his September 18, 2020 letter. Although the September 18 letter was not entered on the docket until September 29, pursuant to the prison mailbox rule, it is deemed filed on September 18, the date Sallam delivered the letter to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (a *pro se* inmate's filing is deemed filed not when received by the clerk, but rather "at the

---

[3] Rule 4(a)(6)(B) allows a party to file a motion to reopen either 180 days after the order is entered or 14 days after the party receives notice of the order, whichever is earlier. In this case, because Sallam did not receive notice of the March 23 order until 179 days after the order was entered, his motion to reopen needed to be filed within 180 days of entry.

4

time [the inmate] delivered it to the prison authorities for forwarding to the court clerk"). The letter is not labeled a motion to reopen, nor does it expressly mention Sallam's desire to appeal the March 23 Order. Nevertheless, courts have a duty to construe *pro se* filings liberally. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). This duty is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (internal quotation marks and citations omitted). When the September 18 letter is read in light of Sallam pro se status and his subsequent filings, which all evidence Sallam's desire to continue on with this case, it is susceptible to construal as a motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the period for filing an appeal.

Having construed Sallam's September 18 letter as a Motion to Reopen the Time for Appeal, the Court finds, in sum, that: (1) Sallam did not receive notice of the March 23 Order within 21 days of entry; (2) his Motion to Reopen was submitted within 180 days of the March 23 Order; and, (3) no party would be prejudiced by reopening Sallam's time to appeal. Sallam's time to appeal is therefore reopened for a period 14 days, pursuant to Rule 4(a)(6).[4]

An appropriate order follows. If Sallam wishes to appeal the March 23 Order, he must file a notice of appeal within **fourteen (14) days** of the date this order is entered. *See* Fed. R. App. P. 4(a)(6).

| | |
|---|---|
| **April 30, 2021** | **BY THE COURT:** |
| | **/S/WENDY BEETLESTONE, J.** |
| | **WENDY BEETLESTONE, J.** |

---

[4] As discussed above, Rule 60(b) is not a proper vehicle for extending the time to file a Rule 59(e) motion or extending the time to appeal. Thus, while Sallam's request to reopen his time to appeal the March 23 Order will be granted, his Rule 60(b) Motion will be denied.